The Shell Law Firm, PLLC
Martin Shell (MS 5689)
11 Broadway, Suite 615
New York, New York 10004
Telephone: (646) 616-3983
Facsimile: (212) 480-8560
Counsel for Plaintiff, SportsQuest, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------:
SportsQuest, Inc.                                               :
                                                                :
                    Plaintiff,                                  :   CIVIL ACTION NO.
                                                                :
           -against-                                            :   **COMPLAINT**
                                                                :
Epic Worldwide, Alan Tucker,                                    :
PM Barbee Holdings, Goldwater                                   :
Group, Energy 101 Consulting LLC, Exuma                         :
Capital Inc., JJM Consulting Inc., KCG                          :
Americas LLC, National Financial Services, LLC                  :
and John Bryan Pike,                                            :
                                                                :
                    Defendants                                  :
---------------------------------------------------------------:

Plaintiff SportsQuest, Inc. ("Plaintiff" or SPQS"), by and through its attorneys the Shell Law Firm, PLLC, as and for its Complaint against Defendants Epic Worldwide, Alan Tucker, PM Barbee Holdings, Goldwater Group, Energy 101 Consulting LLC, Exuma Capital Inc., JJM Consulting Inc., KCG Americas LLC, National Financial Services, LLC and John Bryan Pike alleges as follows:

## NATURE OF THE ACTION

1.      In this action, SPQS seeks a declaration that certain certificates of SPQS stock, which were transferred to the Defendants without consideration are void, invalid and of no effect. If granted the relief requested, SPQS will coordinate with the stock transfer agent to correct the entries

in its stock transaction journal to properly reflect SPQS's legitimate shareholders and the correct amount of issued shares.

## PARTIES

2. At all times, relevant hereto, Plaintiff SPQS was and is a publicly traded Delaware Corporation quoted on the OTC Markets under the trading symbol SPQS, with its principal place of business at 500 S. Australian Avenue, Suite 600, West Palm Beach, Florida, 33401.

3. At all times relevant hereto, Defendant Alan Tucker, an individual with a mailing address of 2929 East Commercial Boulevard, PH-D, Ft. Lauderdale, Florida 33308, is or was at times the owner of improperly and illegally issued shares in SPQS.

4. At all times relevant hereto, Defendant Epic Worldwide, a New York entity, controlled by Alan Tucker with its principal place of business in Buffalo, New York, is or was at times the owner of improperly and illegally issued shares in SPQS.

5. At all times relevant hereto, Defendant PM Barbee Holdings, a New York entity, controlled by Alan Tucker, with its principal place of business in Buffalo, New York, is or was at times the owner of improperly and illegally issued shares in SPQS.

6. At all times relevant hereto, Defendant Goldwater Group, a New York entity, controlled by Alan Tucker, with its principal place of business in Buffalo, New York, is or was at times the owner of improperly and illegally issued shares in SPQS

7. At all times relevant hereto, Defendant Energy 101 Consulting LLC, a New York Limited Liability Company, with its principal place of business at 2382 W Oakfield Road, Grand

Island, New York, 14072, is or was at times the owner of improperly and illegally issued shares in SPQS.

8. At all times relevant hereto, Defendant Exuma Capital Inc. a Georgia Corporation, with its principal place of business at 314 Clermont Drive, Thomasville, GA 31792, is or was at times the owner of improperly and illegally issued shares in SPQS.

9. At all times relevant hereto, Defendant JJM Consulting Inc., a New York Corporation, with its principal place of business at 209 Lincroft Road, Buffalo, New York, 14218, is or was at times the owner of improperly and illegally issued shares in SPQS.

10. At all times relevant hereto, Defendant KCG Americas LLC, a New York Limited Liability Company, with its principal place of business at 300 Vesey Street, New York, New York, 10282, is or was at times the owner of improperly and illegally issued shares in SPQS.

11. At all times relevant hereto, Defendant National Financial Services, LLC, a New Jersey Corporation, with its principal place of business at 499 Washington Boulevard, 5th Fl NJ5A, Jersey City, New Jersey, 07310, is or was at times the owner of improperly and illegally issued shares in SPQS.

12. At all times relevant hereto, Defendant John Bryan Pike, is an individual residing at 110 Creekwood Circle, Sylvester, Georgia, 31791 is or was at times the owner of improperly and illegally issued shares in SPQS.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over the parties hereto based on Federal Statute. In this regard this action is instituted pursuant to 17 CFR § 230.144 (Rule 144 of the Securities Act of 1993, hereinafter "Rule 144"0 for the cancellation of shares of common stock issued to the Defendants, for which Defendants failed to pay any consideration.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

14. This is an action for declaratory and injunctive relief to remedy SPQS's injury from improper and illegal issuance of inordinate amounts of company stock issued in exchange for zero consideration. SPQS primarily is seeking a declaration that the shares issued were void for want of consideration and due to other illegalities. Therefore, the share issuance was never actually consummated.

15. In June of 2021, SPQS came under new management with Mina Mar Group Corp. acquiring a controlling interest from Jeffrey Burns ("Burns"), as Seller, who was also the prior CEO of SPQS. At the time, Burns represented that he is the record owner and holder of all issued Preferred Shares, and Controlling Interest (Control Stock) of SPQS and agreed to sell all of his shares to buyer. New management acquired about 1.9 Billion in stock.

16. Under new management SPQS's stock price rose from about 0.002 to 0.02 during the first twelve months, which is about an 1,800.00% increase. However due to the trading of billions of shares, not by new management, the stock price returned to about 0.002.

17. It is estimated that about Three Million Dollars was generated from the billions of shares of stock sold. New Management never issued any new shares.

18. Upon further investigation into the sell-off, new management discovered that Burns despite his representations failed to convey his entire interest in SPQS. Upon information and belief Burns only transferred between 65% to 68% of his interest to new management. Burns' remaining interest which totals about 1.7 billon shares was transferred in part to the Defendants, without consideration.

19. Upon information and belief, Burns issued Defendants certain shares of stock in exchange for the Defendants selling the shares who then promised to pay Burns seventy-five percent (75%) of the proceeds while the Defendants retained the remaining twenty-five percent (25%).

20. Upon information and belief, Burns transferred 360,000,000 shares of SPQS stock to Epic World Wide.

21. Upon investigating SPQS books and records, new management cannot locate any record or evidence of consideration provided by Epic World Wide.

22. Upon information and belief, Burns transferred 425,000,000 shares of SPQS stock to Alan Tucker.

23. Upon investigating SPQS books and records, new management cannot locate any record or evidence of consideration provided by Alan Tucker.

24. Upon information and belief, Burns transferred 195,000,000 shares of SPQS stock to PM Barbee Holdings.

25. Upon investigating SPQS books and records, new management cannot locate any record or evidence of consideration provided by PM Barbee Holdings.

26. Upon information and belief, Burns transferred 195,000,000 shares of SPQS stock to Goldwater Group.

27. Upon investigating SPQS books and records, new management cannot locate any record or evidence of consideration provided by Goldwater Group.

28. Upon information and belief, Burns transferred 195,000,000 shares of SPQS stock to Energy 101 Consulting LLC.

29. Upon investigating SPQS books and records, new management cannot locate any record or evidence of consideration provided by Energy 101 Consulting LLC.

30. Upon information and belief, Burns transferred 50,000,000 shares of SPQS stock to Exuma Capital Inc.

31. Upon investigating SPQS books and records, new management cannot locate any record or evidence of consideration provided by Exuma Capital Inc.

32. Upon information and belief, Burns transferred 195,000,000 shares of SPQS stock to JJM Consulting Inc.

33. Upon investigating SPQS books and records, new management cannot locate any record or evidence of consideration provided by JJM Consulting Inc.

34. Upon information and belief, Burns transferred 16,645,311 shares of SPQS stock to KCG Americas LLC.

35. Upon investigating SPQS books and records, new management cannot locate any record or evidence of consideration provided by KCG Americas, LLC.

36. Upon information and belief, Burns transferred 36,970,783 shares of SPQS stock to National Financial Services LLC.

37. Upon investigating SPQS books and records, new management cannot locate any record or evidence of consideration provided by National Financial Services LLC.

38. Upon information and belief, Burns transferred 50,000,000 shares of SPQS stock to John Bryan Pike.

39. Upon investigating SPQS books and records, new management cannot locate any record or evidence of consideration provided by John Bryan Pike.

40. At all relevant times herein, Continental Stock Transfer & Trust Company served as the transfer agent ("Continental").

41. Continental possesses no record of any payment, compensation, or consideration provided by Defendants to SPQS in exchange for the shares at issue.

42. For these reasons, SPQS believes that the issuance of shares to the Defendants was void, for Rule 144(d)(1)(iii) states that, "If the acquiror takes the securities by purchase, the holding period shall not begin until the full purchase price or other consideration is paid or given by the person acquiring the securities from the issuer or from an affiliate of the issuer".

43. Plaintiff has demanded that the Defendants return all SPQS stock in their possession to no avail.

44. Defendants current status as owners of stock for which they provided no consideration, is severely damaging to SPQS ability to transact business including its ability to raise funds and attract new investors.

**FIRST CAUSE OF ACTION**
**(Declaratory Judgment: 28 U.S.C. 2201)**

45. Plaintiff repeats and realleges each and every allegation set forth at Paragraphs 1-44 as if more fully set forth herein.

46. There exists an actual controversy between SPQS and the Defendants that lies within the jurisdiction of this Court pursuant to 28 U.S.C. § 2201.

47. Defendants did not provide any consideration for the shares in their possession, which they claim to own.

48. As a direct and proximate result of what Defendants provided to the register transfer agent and what shares have been issued properly and legally, there is a bona fide controversy requiring juridical resolution as to whether the issuance of these shares was legal. Additionally, SPQS other shareholders which hold shares will be irreparably harmed if Defendants shares are not cancelled. Accordingly, SPQS seeks a determination of its rights.

49. Defendants have persistently refused to return the SPQS shares, without legal justification or excuse, and continue to claim ownership of the shares without valid basis.

50. Accordingly, SPQS is entitled to a declaration that any and all shares of SPQS stock in the Defendants' possession are void, canceled and/or of no effect. Alternatively. SPQS is entitled to an Order requiring Defendants to return the stock certificates to SPQS.

51. Therefore, the Court should declare that the Defendants shares were improperly and illegally issued rendering them void, and declare that the Defendants shares are cancelled so that the corporate records and registered transfer agent's books will properly reflect the current shareholders and number of shares issued.

## SECOND CAUSE OF ACTION
**(Injunctive Relief)**

52. Plaintiff repeats and realleges each and every allegation set forth at Paragraphs 1-51 as if more fully set forth herein.

53. Upon information and belief, Defendants are still the record owners of 1.7 Billion shares of SPQS common stock for which there is no evidence that valid consideration was paid.

54. SPQS faces imminent and irreparably injury if Defendants attempt to market and complete a sale of their shares to another individual during the pendency of this action. The marketing and transfer of these improperly and illegally issued shares will cause imminent harm to SPQS, its business goodwill, and reputation amongst potential investors.

55. If marketing were to occur a transfer to a third party were to occur, monetary damages would not be appropriate measure of the damage if the shares are marketed and transferred to a bona fide purchaser.

56. SPQS is building its business goodwill and reputation daily, which is vitally important in the over-the-counter world. If the Defendants were to market and transfer their shares during the pendency of this action, it would severely injure market confidence in SPQS.

57. There is no adequate remedy at law to compensate SPQS for the harm that would be caused by Defendants marketing and transfer of the above-discussed shares.

58. SPQS is likely to prevail on the merits of the claims.

59. Balancing the harm caused to SPQS by Defendants potential actions versus the potential harm to Defendants if their shares were frozen from marketing and transfer during the pendency of this litigations, results in SPQS clearly prevailing. Holding onto and not marketing improperly and illegally issued shares is not detrimental to Defendants whatsoever. And the harm to SPQS as discussed is far greater. The balance of the equities weigh heavily in favor in enjoining any marketing or sale of these shares during the pendency of this action or thereafter if SPQS prevails.

60. Additionally, the public interest is best served in enjoining the marketing and transfer of these suspect shares, so that individuals do not acquire these illegally and improperly issued shares, causing them harm.

61. For the reasons explained herein, SPQS is entitled to temporary and permanent injunctive relief freezing and preventing any marketing or transfer of the shares of SPQS common stock of Defendants during the pendency of this action and thereafter preventing any marketing or transfer of the shares after they are canceled.

## THIRD CAUSE OF ACTION
### (Conversion/Damages)

62. Plaintiff repeats and realleges each and every allegation set forth at Paragraphs 1-61 as if more fully set forth herein.

63. Defendants' shares of SPQS were improperly and illegally issued rendering them void.

64. Upon information and belief, Defendants sold, transferred, or assigned some if not all of the shares of SPQS stock that was issued to them.

65. Defendants lacked the legal authority or right to sell any shares by virtue of them being void.

66. SPQS is the sole rightful owner of any SPQS stock sold by the Defendants.

67. In selling, transferring or assigning any SPQS stock, Defendants have exercised dominion or control over such stock in derogation of SPQS's rights.

68. Due to the foregoing Defendants are liable for conversion.

69. As a result of Defendants actions SPQS has suffered significant damages in excess of Seventy-Five Thousand Dollars ($75,000.00). Such damages include but are not limited to all monies Defendants received from the sale of any SPQS stock, which must be turned over to SPQS.

WHEREFORE SportsQuest, Inc. respectfully prays this Court:

A. Declare that the Defendants shares at issue in this Complaint were improperly and illegally issued rendering them void:

B. Declare that the Defendants shares at issue in this Complaint are cancelled and that the corporate records and transfer agent books shall reflect such;

C. Issue a temporary injunction freezing and preventing any transfer of the above – discussed shares of Defendants during the pendency of this action and after the cancellation issue a permanent injunction preventing any marketing or transfer of the illegally issued shares;

D. Award judgment in favor of SportsQuest, Inc. and against Epic Worldwide, Alan Tucker, PM Barbee Holdings, Goldwater Group, Energy 101 Consulting LLC, Exuma Capital Inc., JJM Consulting Inc., KCG Americas LLC, National Financial Services, LLC and John Bryan Pike in an amount to be determined at trial, but presently estimated to exceed $75,000.00, together with interest thereon and the costs and disbursements of this action.

E. Issue such other and further relief as this Court deems necessary and appropriate.

Dated: August 9, 2022
New York, New York

/S/ Martin Shell
**Martin Shell, Esq.**
Attorney for Plaintiff
The Shell Law Firm, PLLC
11 Broadway, Suite 615
New York, New York 10004