```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
SPORTSQUEST, INC.,                                                   :
                                                                     :
                            Plaintiff,                               :
                                                                     :      22-cv-6802 (LJL)
           -v-                                                       :
                                                                     :      MEMORANDUM AND
EPIC WORLDWIDE, ALAN TUCKER, PM BARBEE                               :            ORDER
HOLDINGS, GOLDWATER GROUP, ENERGY 101                                :
CONSULTING LLC, EXUMA CAPITAL INC., JJM                              :
CONSULTING INC., KCG AMERICAS LLC,                                   :
NATIONAL FINANCIAL SERVICES, LLC, and JOHN                           :
BRYAN PIKE,                                                          :
                                                                     :
                            Defendants.                              :
                                                                     :
---------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

A motion for a temporary restraining order was filed in this case on August 11, 2022, Dkt. No. 2, and a complaint ("Complaint") was properly filed on August 18, 2022, Dkt. No. 9. The Court ordered plaintiff SportsQuest, Inc. ("Plaintiff") to provide notice to Defendants by August 15, 2022, Dkt. No. 7, and temporarily restrained and enjoined all Defendants, with the exception of KCG Americas LLC and National Financial Services, LLC, from transferring or assigning any shares of Plaintiff's common or preferred stock, Dkt. No. 14. Only defendant National Financial Services, LLC appeared in this case, *see* Dkt. No. 10–11, which resulted in a stipulation of voluntary dismissal, Dkt. No. 23. The Court denied Plaintiff's motion for a preliminary injunction without prejudice to renewal on the record on September 1, 2022 and lifted the temporary restraining order. Dkt. No. 25.

The Court held an initial pretrial conference in this matter on December 6, 2022. Dkt. No. 30. On that date, the Court ordered Plaintiff to show cause by December 12, 2022 why the

Complaint should not be dismissed without prejudice against all defendants under Federal Rule of Civil Procedure 4(m).  Dkt. No. 31.  On December 12, 2022, Plaintiff requested an additional thirty days to serve the remaining defendants in this matter.  Dkt. No. 32.  The Court granted this request.  Dkt. No. 33.  The requested extension to serve Defendants has expired, and the docket still does not contain a certificate of service.  With the exception of National Financial Services, LLC, no Defendant has appeared.

Federal Rule of Civil Procedure 41 "permits the Court to dismiss an action *sua sponte* for failure to prosecute . . . or failure to comply with an order of the Court."  *Edwards v. Horn*, 2012 WL 1292672, at *1 (S.D.N.Y. Apr. 13, 2012), *report and recommendation adopted*, 2012 WL 1592196 (S.D.N.Y. May 4, 2012); Fed R. Civ. P. 41; *see LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir.2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute[.]").  "Dismissal for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court."  *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

In this Circuit, a court must consider five factors when determining whether dismissal for failure to prosecute is appropriate:  whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.  *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

Dismissal of this case for failure to prosecute is appropriate under these factors.  Plaintiff

appears not to have made service on Defendants within 90 days, as is required by Federal Rule of Civil Procedure 4(m).  Plaintiff has not prosecuted its case since the Court denied its motion for a preliminary injunction and lifted the temporary restraining order, approximately five months ago. "There is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal," *Caussade*, 293 F.R.D. at 629 (citation omitted), but "[d]elays of several months" have been found sufficient. *Id*. (collecting cases). Plaintiff was given notice in the Court's order at Dkt. Nos. 31 and 33 that failure to serve Defendants by January 11, 2023 conference would result in dismissal.  Although there is no specific evidence on the record that delay will prejudice Defendants, "[p]rejudice to defendants resulting from unreasonable delay may be presumed."  *Lyell Theatre Corp. v. Loews* Corp., 682 F.2d 37, 43 (2d Cir. 1982).  Finally, the Court has "already given [Plaintiff] an opportunity to proceed with this action so that it would be decided on the merits," and Plaintiff's "failure to prosecute . . demonstrate[s] that any lesser sanction would be 'an exercise in futility.'" *Edwards*, 2012 WL 1292672, at *2 (quoting *Koch v. Rodenstock*, 2010 WL 2010892, at *7 (S.D.N.Y. Apr. 23, 2010)), *report and recommendation adopted*, 2010 WL 2010900 (S.D.N.Y. May 18, 2010).

For the foregoing reasons, the case is dismissed for failure to prosecute.  The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: January 13, 2023
    New York, New York                     _____
                                            LEWIS J. LIMAN
                                            United States District Judge

3